Thank you. The last case set for argument today is Beltran-Aguilar v. Sessions, No. 18-1799. Mr. Van Brock? Tenbrock, yes. I'm sorry, Tenbrock. Good morning, or no, good afternoon, Your Honors. James Tenbrock for the petitioner. The question in this case is whether or not Wisconsin's Battery Statute is categorically a crime of violence that would bar the petitioner from getting cancellation removal in immigration court. And here, I think we just need to start with the statute, which the federal statute provides that if it's a crime of violence, then it constitutes a bar. So the question then is whether Wisconsin's statute is a crime of violence, and a crime of violence is defined as an offense that has the element to use, attempted use, or threatened use of physical force. The board has interpreted that, consistent with Johnson, to say that it must be violent force, that is, force capable of causing physical pain or injury. It seems to me that the biggest hurdle for Mr. Beltran is getting past our opinion in Jennings. How can he get past our discussion of remote forces, such as flipping a poison into a drink, or tricking a poor swimmer into entering waters, you know, with a strong undertow? For me, I think that Jennings decided every relevant issue he raises, and the Minnesota definition of bodily harm is virtually identical to the Wisconsin definition. I did look at Jennings, and I'm not, I'm certainly not arguing that, you know, poisoning is not a crime of violence, because I believe it is, under my interpretation, or I think, I guess, I can't even remember the other example you just gave in Jennings. But I think what, the case law, to me, the case law becomes a little convoluted insofar as it becomes difficult to determine between cause and effect. I think that what a lot of the courts are trying to get to, I mean, Jennings as well as Castleman as well, and some of the other cases that talk about this, is more about the effect. Okay, so if you put poison in somebody's drink, that doesn't take any force whatsoever, but it works a violent force within the body, I would say. Or if you pull a trigger, or pull something on a grenade, that's not a violent force, but the grenade itself has violent force. So, you know, I'm not arguing those things. I think that it has to do with, it has to do more with a violent effect on somebody. Okay, so, and insofar as Jennings goes, I believe that that case didn't, it was looked at, it looked, right, it looked at a Minnesota statute, and that statute, and the discussion in Jennings that I saw, did not raise the argument that I'm raising, and that is that Wisconsin has a definition of bodily harm that also includes impairment or illness. So, to me, I think that Jennings is not controlling for that reason. Now, I have argued that I think that a plain reading of this statute doesn't require me to provide a case under Wisconsin law where maybe illness or impairment were prosecuted in a case where it didn't involve violent force. I happen to think that is still true. However, this morning, I did find a case, and I have extra, I've given a copy to opposing counsel. It's called Enry John Doe Petition, 329 Wisconsin 2nd, 724, decided in 2010. And it's actually a, interestingly enough, it's a prison guard case where an inmate, excuse me, an inmate brings his action for a supervisory writ compelling a judge to file a criminal complaint against a guard for putting him in a chokehold. And there, it says, they agree. They said the criminal complaint should issue because the guard squeezed his neck to the point of impairing his breathing without any legitimate purpose for the chokehold, could conceivably support a charge of battery or some other offense. So, I think that insofar as this court may be looking for some sort of example of how the Wisconsin statute is overly broad and covers conduct that would not be a violent felony, that would be an example. You look a little concerned, Judge, but to me, that could be roughhousing as well. I mean, children roughhouse, and they put each other in a chokehold, and you might not breathe for a few seconds. I mean, that's enough to be a battery in Wisconsin, but is that enough to be a violent felony to prevent somebody from asking for cancellation relief in immigration court? I don't think so. I mean, as I said earlier, the board said that they're interpreting crime of violence to be violent force, that is, force capable of causing physical pain or injury. Not physical pain, injury, illness, or impairment, just pain and injury. So, I think that this, insofar as this court may be looking for an example, that's a good example, and I think that this offense under Wisconsin should not be considered a crime of violence. Any questions? Want to save time for rebuttal? Yes. All right. Thank you very much, Mr. Tenbrach. Thank you. For the government, Ms. Cain. Thank you, Your Honors, and may it please the court, Kylie Cain for the Attorney General. I just wanted to start by saying, in response to Judge Rovner's question, that Jennings really does come close to foreclosing all of the issues in this case. But there is a reason that the government did not argue foreclosed, or every issue was totally taken care of, and that's because the Jennings decision refers to two Minnesota statutes. Now, why does that matter? It matters because there is, even though Minnesota defines bodily harm in an identical way to Wisconsin, the legislature provided for definitions that are identical, the reason that Jennings doesn't wholly foreclose is because there is the opportunity to bring forward cases that come forth from the Wisconsin judiciary that interpret that definition in different ways. So if Wisconsin prosecutors have chosen a more permissive or more restrictive variance on these words like illness and impairment or physical pain and injury, different than the way that Minnesota had, that would be a permissible reading, and there would be different immigration consequences for what seem like similar crimes across the country, and that happens all the time. In the Jennings decision, this court pointed out some of its sister circuits have gone different ways on these issues. So it is not incompatible to find that different state statutes have different immigration consequences across the country. The Duane Azavera's decision from the Supreme Court, in fact, instructs us to look at how the prosecution is actually using the statute in force, and therefore the Jennings decision, although it certainly comes quite close to foreclosing everything, there is this opening for state case interpretation that could save the day in an individual case. Now the problem here is that there are not state cases that support the theory that Mr. Beltran is bringing forward today, and that includes this decision that Mr. Tenbrook presented to you just a moment ago about the chokehold. I think one thing I didn't make totally clear in my brief, after I saw the reply brief, I was starting to see a little bit more where the discrepancies lie in our arguments, and one thing I didn't quite make clear is that the government is in no way conceding that these other two aspects of bodily harm from the Wisconsin legislature, regarding illness and impairment of physical condition, fall short of the Johnson standard. In fact, I think they meet the Johnson standard, because you look at cases like the Jones decision, which is from your sister circuit in the Eighth Circuit, but it's interpreting Wisconsin Battery. There, Jones had been saying, well, what if I cough on somebody and I cause them to have a cold? Would that satisfy the Johnson standard? And actually, the court there said that there were no prosecutions prosecuting Battery in that manner, but I would go a step further and say, of course that satisfies the Johnson standard, because all that's required is capable of causing pain or injury, and the court there used the example of a slap, and the councilman concurrence from Justice Scalia, who wrote Johnson, says a pinch would suffice under Johnson's definition of force. And so having a cold imposes a physical pain on you, you feel miserable, that really doesn't seem to me that different in nature than something like a pinch that's capable of causing pain or injury, which would suffice under Johnson by the Supreme Court's own definition. So I don't want to concede the point that just because illness and impairment seem offset from physical pain and injury, that those somehow necessarily fall under Johnson's definition of physical force. It's possible that they do, but that's why we need to see how the state is using its own statute and how it interprets these definitions in real life, and that's what we're missing here. And so that's why the government really feels like we're not really asking the court to do much more than it's already done. Between the Jennings decision and the Yates decision, which was from 2016, which interpreted Wisconsin Battery by prisoner, this court has pretty much plainly said that there are not Wisconsin prosecutions that fall outside of that pain or injury definition that Johnson set forward, and therefore this case is pretty well established through the existing case law. Unless the court has any other questions, I'd be happy just to rest on the briefs. All right. I have one quick question. Sure. Where is Beltran now? Has he already been removed? Not to my knowledge, Your Honor, no. No. Okay. Thank you. Thank you very much, Ms. Cain. Mr. Tenbrock, rebuttal? Yes. And can you tell us where he is? I didn't hear the question. He has been removed. He has been removed. Yeah, he has. And if we were to get a favorable decision from here, I think we'd get him back and proceed as usual. Okay. And with respect to the government's argument, I think Johnson is somewhat controlling, but not as controlling as Matter of Vasquez. Matter of Vasquez is the board decision discussing crime of violence in an immigration context, and there the board said the level of physical force required for a conviction under 18 U.S.C. 16A must be, quote, violent force that is capable of causing physical pain or injury, end quote. So I think Johnson just, I'm not sure if Johnson uses the word violent force, but it is violent force. That's what we're trying to ascertain here. So to say that cough or something like that is violent force, I'm not so sure that would be the case. And I just would also just reiterate that under Gonzales, where you're trying to make an assessment on whether or not a crime is categorically a federal crime or a state offense is categorically a federal crime or crime of violence here, Gonzales says provide a case. So like I said, initially I don't think, I think the statute is clear enough, but if you need a case, I've cited one and I'll provide that to the court at a later time. The Wisconsin case I was talking about, the Choco. All right. Thank you very much. The case then is taken under advisement. The court will be in recess until tomorrow.